WM. CRUTCHFIELD *v.* THE WASON CAR WORKS *et al.*.

EASEMENT. *Street. Chancery jurisdiction.* Where a grantor specified in his deed, as a part of the consideration for the land conveyed thereby, that the grantee should extend a certain street through said land, and the grantee conveys to others, and stipulates to the same effect in the deeds executed by him to them, and such last or subsequent conveyees attempt to obstruct the extension of said street, the original grantor has the right to the active intervention of a court of equity by injunction to prevent such obstruction.

Case cited: Ferguson *v.* Bank, 3 Sneed, 524.

FROM HAMILTON.

Appeal from the Chancery Court. D. M. KEY, Chancellor.

TREWHITT & SHARP for complainant.

KEY & RICHMOND and TOMLINSON FORT for defendant.

FREEMAN, J., delivered the opinion of the court.

This bill is filed to enjoin the defendants (except Divine) from erecting what is alleged to be a nuisance, *per se*, in the way of obstructions and embankments across a certain sixty feet of ground alleged to have been reserved by contract between complainant and said Divine, for a street, or continuation of what is known as Fort street, in the city of Chattanooga. In the event the injunction is denied, then complainant asks a rescission of his contract with Divine, by which he conveyed to him certain lands in 1868, in consideration that Divine should reserve the sixty feet for a street; but this last relief is only asked provided the court holds that complainant is not entitled to have the fee of the sixty feet decreed to him, and he quieted in the possession thereof. The usual prayer for general relief concludes the bill.

The contract between complainant Crutchfield and Divine is substantially as follows: Crutchfield conveyed to Divine a certain lot of ground, described in the deed, with the usual covenants of warranty, conveying a fee in the same. The consideration recited in this deed for the same is, "that the said Divine extends Fort street through his five-acre lot."

Fort street was opened, at the time of this conveyance and contract, on the north, extending perhaps to the property owned by Divine, the five-acre lot. Crutchfield owned property so situated, as is charged, that he was interested to have this street extend over the five acres and beyond to Low's mill. With this

view the contract was made. Evans and the car works, defendants in this case, purchased parts of the five-acre lot from Divine. In Evans' deed there is a provision "saving and excepting therefrom sixty feet in width across said piece of land, being the extension of Fort street." In the deed to the car works the language is, "subject to the right of W. Crutchfield, or any one else, to the extension of Fort street." It thus appears that both parties took the land expressly subject to the contract of Divine with Crutchfield.

We think it clear on these facts, nothing more appearing in the case, that, as against Divine, this contract gave a right to an easement in the way of a street over his five-acre lot—a right enforceable in a court of equity—in favor of Crutchfield, being supported by a valuable consideration, and not capable of being accurately compensated in damages. It is equally clear that the car works and Evans stand in Divine's shoes, and are bound by the contract with their vendor, and took the land subject to and burdened with this easement or right in favor of complainant. We think, however, that the contract gave no right or title in the fee of the sixty feet of land to Crutchfield; in fact, it does not pretend to do so, and has no operative words for this purpose, even if not otherwise deficient for this end.

We hold, therefore, that, so far as these two parties are concerned, and against any action on their part obstructing this sixty feet, or in any way hindering its free use for the purpose of a street, the complainant would have the right to have them en-

joined by the chancery court. The complainant, however, is not entitled to have a decree vesting title in him to the ground, nor has he any right to call for the title, but only the enjoyment of the easement, as against the car works and Evans.

It is alleged in the bill that defendants (except Divine, who is expressly exempted from all charge of participation in the wrong) have fraudulently procured an order from the mayor and aldermen of the city of Chattanooga closing up Fort street at the point of disputed territory; and this with the sole design to injure and defeat complainant in the premises. What may be the powers and rights of the corporation, we cannot undertake to determine in this case, as it is not before us, not being a party to the bill, nor do we discuss or decide the question. The rule referred to in *Furgerson* v. *Miners' and Manufacturers' Bank*, 3 Sneed, 624, and *Fletcher* v. *Peck*, 6 Cranch, 87, is applicable to the action of these municipal legislatures; that the judiciary department will be slow, even if it would do so at all, to declare this act of a legislature void on a charge of complainant of motives or influences charged to have been operative on the minds of the members of such a body in inducing their action. We simply hold that, on the facts charged, complainant is entitled (if proven) to have the car works and Evans individually restrained from in anywise hindering or obstructing the enjoyment of the easement or right contracted for. Whatever the corporation may do in virtue of its general control over the streets of the city, its action can furnish no war-

rant to these defendants for any act on their part interfering with complainant's rights in this matter. He is entitled to the full enjoyment of the benefit of his contract with Divine as to them.

As to the rescission of the contract with Divine, on the allegations of the bill we do not think complainant is entitled to this relief, as it is clearly stated that he has in no way violated his contract, and he cannot be held responsible for the wrongs of others without his participation in them. For any violation of the rights of complainant on the part of others, it must be assumed the law will give adequate remedy and protection when invoked.

The decree of the chancellor dismissing the bill will be reversed, and a decree drawn here in accordance with this opinion, and the case remanded to be further proceeded in. Costs paid by defendants.